IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JONATHAN W. BRYANT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 24-179-CFC |
| ) | |
| CD BABY.COM ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

Jonathan W. Bryant, James T. Vaughn Correctional Center, Smyrna, Delaware – *Pro Se* Plaintiff

February 24, 2025
Wilmington, Delaware

**CONNOLLY, Chief Judge:**

## I. INTRODUCTION

On February 9, 2024, Plaintiff Jonathan W. Bryant, an inmate at the James T. Vaughn Correctional Center (JTVCC) in Smyrna, Delaware, filed this civil action *pro se* against Defendant CDBaby.com, in Portland, Oregon. (D.I. 1.) Plaintiff has been granted leave to proceed *in forma pauperis*. (D.I. 6.) The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(b).

## II. BACKGROUND

The Complaint asserts that from April 2021 to the present, Defendant violated Plaintiff's right to fair compensation, and on this basis, the Complaint seeks a Court Order compelling Defendant to rightfully compensate Plaintiff. (*See* D.I. 1 at 5, 8.) The following facts are taken from the Complaint and assumed to be true for purposes of screening the Complaint. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021).

In April 2021, Plaintiff paid Defendant approximately $100.00 to distribute audio recordings made by Plaintiff. (D.I. 1 at 5.) Plaintiff's understanding upon paying Defendant and uploading his recordings was that, starting around November 2021, Defendant would compensate Plaintiff for "spins" or sales of his recordings. (*Id.*) To date, Plaintiff has never received any compensation from Defendant. (*Id.*)

1

Plaintiff has made numerous attempts to contact Defendant, but Defendant has never responded to Plaintiff in reference to compensation. (*Id.*)

### III. SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario.'" *Id.*

2

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

3

## IV.  DISCUSSION

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). This Court has subject matter jurisdiction over cases that raise federal questions and cases that present diversity jurisdiction. *See* 28 U.S.C. §§ 1331, 1332. Federal questions are raised in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Diversity jurisdiction exists when the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the suit is between citizens of different states. *See* 28 U.S.C. § 1332(a). Diversity jurisdiction "requires complete diversity of the parties; that is, no plaintiff can be a citizen of the same state as any of the defendants." *Grand Union Supermarkets of the Virgin Islands, Inc. v. H.E. Lockhart Mgmt., Inc.*, 316 F.3d 408, 410 (3d Cir. 2003).

This Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). If at any time, a federal court determines that subject matter jurisdiction is lacking, it must dismiss the action. *See* FED. R. CIV. P. 12(h)(3). In determining whether a *pro se* complaint asserts a valid basis for subject matter jurisdiction, courts construe the complaint liberally in favor of the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (1976).

4

Upon review of the Complaint, the Court cannot discern a substantial federal question for jurisdictional purposes. *See Shapiro v. McManus*, 577 U.S. 39, 45-46 (2015) (discussing difference between failing to state a claim for relief on the merits and raising "wholly insubstantial and frivolous" claims that fail even to raise a substantial federal question). To the extent that Plaintiff, instead, intends to proceed based on diversity jurisdiction, the record does not support this basis for subject matter jurisdiction either. While there may be complete diversity of citizenship amongst the parties, there is no indication that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. As such, this case cannot proceed based on diversity jurisdiction. *See* 28 U.S.C. § 1332(a).

The Complaint merely indicates that Plaintiff paid Defendant approximately $100 for distribution of Plaintiff's audio recordings, with the understanding that Defendant would later compensate Plaintiff, if Plaintiff's recordings were ever purchased or "spun." (D.I. 1 at 5.) The Complaint specifies neither an agreed upon rate of compensation, nor whether a sale or "spin" of one of Plaintiff's recordings ever occurred. As such, the Complaint does not show a sufficient amount in controversy to establish diversity jurisdiction, and the pleading is otherwise deficient, pursuant to Federal Rule of Civil Procedure 9. *See* Fed. R. Civ. P. 9(b) ("[i]n alleging fraud or mistake, a party must state with particularity the

5

circumstances constituting fraud or mistake"); *see also In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1418 (3d Cir. 1997) (citing *Shapiro v. UJB Financial Corp.*, 964 F.2d 272, 285 (3d Cir. 1992) ("boilerplate and conclusory allegations" do not meet Rule 9(b)'s particularity requirement).

Since it is not inconceivable that Plaintiff's deficient pleading could be cured, Plaintiff will be given an opportunity to amend the Complaint. *See, e.g., Ware v. Transp. Drivers*, Inc., 30 F. Supp. 3d 273, 276 (D. Del. 2014). An amended complaint must meet the notice of pleading standard, and it must contain enough facts to raise a plausible inference of a violation within this Court's jurisdiction.

## V.  CONCLUSION

For the above reasons, the Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). (D.I. 1.) Plaintiff will be given leave to amend.

An appropriate Order will be entered.