IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JONATHAN W. BRYANT,        )
        )
        Plaintiff,        )
        )
    v.        )   C.A. No. 24-179-CFC-EGT
        )
CD BABY.COM,        )
        )
        Defendant.        )

**REPORT AND RECOMMENDATION**

Plaintiff Jonathan W. Bryant ("Plaintiff"), an inmate at the James T. Vaughn Correctional Center ("JTVCC") in Smyrna, Delaware, filed this civil action against Defendant CD Baby.com ("Defendant"), an entity located in Portland, Oregon. (D.I. 1 & 28). Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 6). Having reviewed Plaintiff's Response (D.I. 57) to the Order to Show Cause (D.I. 52), the Court recommends that Plaintiff's Amended Complaint be DISMISSED WITHOUT PREJUDICE.

I.    **BACKGROUND**

Plaintiff alleges that, in 2021, he paid Defendant approximately $100 to distribute his audio recordings. (D.I. 1 at 5; D.I. 28 at 2). According to the Amended Complaint, Defendant pays artists approximately $0.99 per "view" of music posted on their website. (D.I. 28 at 2). Plaintiff alleges that his album "Joystik," released under his pseudonym "Scott Freed," exceeded over 1,009,000 views "in totality." (*Id.*). As such, Plaintiff alleges that his album has grossed over one million dollars in sales revenue. (*Id.*). Despite his numerous attempts to contact Defendant, including email, phone calls and handwritten letters, Plaintiff alleges that Defendant has never responded or compensated him for his work on "Joystik." (D.I. 1 at 6).

Plaintiff filed the original Complaint on February 9, 2024 (D.I. 1).  Pursuant to 28 U.S.C. § 1915(e)(2)(b), the Court screened the original Complaint and dismissed for lack of subject matter jurisdiction because the Court was unable to discern from the pleading any federal question or diversity jurisdiction.  (D.I. 26 at 5-6).  After Plaintiff filed his Amended Complaint alleging over one million dollars in controversy (D.I. 28), the Court issued a service order on April 11, 2025.  (D.I. 29).  On the USM-285 Form, Plaintiff identified the following address for Defendant:  9600 NE Cascades Pkwy, Suite 180, Portland, Oregon 97220.  (*See* D.I. 32 & 33).

Pursuant to Federal Rule of Civil Procedure 4(c)(3), the United States Marshals Service ("USMS") twice attempted to serve Defendant by mail using the address provided by Plaintiff, but a waiver of service was never returned.  (D.I. 32 & 33).  After this Court issued a supplemental service order on September 24, 2025 (D.I. 38), USMS made three attempts to personally serve Defendant at the address Plaintiff provided but, each time, USMS was unable to locate and serve Defendant (D.I. 50).  On January 7, 2026, the Court issued an Order to Show Cause as to "why the amended complaint (D.I. 28) should not be dismissed due to Plaintiff's lack of compliance with Rule 4(m) and this Court's Orders."  (D.I. 52 at 3).  In response to the Show Cause Order, Plaintiff maintained that he believes the address he originally provided to the USMS is "accurate and correct" and provided no other means of effecting service upon Defendant.  (D.I. 57).

## II.   **LEGAL STANDARD**

"If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." FED. R. CIV. P. 4(m).[1]  But

---

[1]   For plaintiffs proceeding *in forma pauperis*, Rule 4(m)'s 90-day window begins after the court issues a service order.  *See Rivera v. New Castle Cnty. Police Dep't*, 152 F.4th 147,

if the plaintiff can show "good cause" for the failure to serve, then the court "must extend the time for service for an appropriate period." *Id*. "Even if a plaintiff fails to show good cause, the District Court must still consider whether any additional factors warrant a discretionary extension of time." *Himmelreich v. United States*, 285 F. App'x 5, 7 (3d Cir. 2008) (citing *Petrucelli v. Bohringer & Ratzinger, GMBH*, 46 F.3d 1298, 1307-08 (3d Cir.1995)). "Upon determining that process has not been properly served on a defendant, district courts possess broad discretion to either dismiss the plaintiff's complaint for failure to effect service or to simply quash service of process." *Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992). Dismissal is not appropriate, however, "when there exists a reasonable prospect that service may yet be obtained." *Id*.

## III.    DISCUSSION

Plaintiff's response to the Court's order made no attempt to show cause and, in turn, failed to show good cause to further extend the deadline. (*See* D.I. 57). Well over ninety (90) days have passed since the Court issued its supplemental service order. (D.I. 38). The USMS has attempted to serve Defendant twice by mail and three times in person. (*See* D.I. 32, 33 & 50). All five attempts to serve Defendant at the address provided by Plaintiff have been unsuccessful. In its Order to Show Cause, the Court clearly informed Plaintiff of the potential for dismissal if service was not perfected, thereby satisfying the notice requirement of Rule 4(m). (D.I. 52). In response to the Order, Plaintiff did not identify a new address or another means of serving Defendant, instead maintaining that the previously identified address remains "accurate and correct." (D.I. 57 at 2).

Although *pro se* plaintiffs are provided certain leniencies, "federal district judges have no obligation to act as [their] counsel or paralegal." *Pliler v. Ford*, 542 U.S. 225, 226 (2004); *see*

---

152 n.5 (3d Cir. 2025); *see also Urrutia v. Harrisburg Cnty. Police Dep't*, 91 F.3d 451, 453-54 (3d Cir. 1996).

*also Maltezos v. Giannakouros*, 522 F. App'x 106, 108 (3d Cir. 2013) ("While [Rule] 4(c)(3) requires that the court effect service of the summons and complaint for a plaintiff who is proceeding [*in forma pauperis*], the plaintiff must provide sufficient information for the court to do so."). Considering the Court's two service orders, USMS's five unsuccessful attempts to serve Defendant and Plaintiff's failure to provide another means of effecting service beyond the original address, there does not appear to be a "reasonable prospect that service may yet be obtained," *Umbenhauer*, 969 F.2d at 30, and no "additional factors" warrant extending the deadline, *Himmelreich*, 285 F. App'x at 7. Dismissal is appropriate under the circumstances here. *See Maltezos*, 522 F. App'x at 108 ("Under these circumstances, [*pro se* plaintiff] has not shown good cause for an extension of the Rule 4(m) period; the Marshal's Service is not required to attempt service into perpetuity at the same address.").

Accordingly, the Court recommends that Plaintiff's Amended Complaint be dismissed without prejudice for failure to effect service. *See Daniels v. Corr. Med. Servs., Inc.*, 380 F. Supp. 2d 379, 384 (D. Del. 2005), *aff'd sub nom. Daniels v. Corr. Med. Serv.*, 174 F. App'x 655 (3d Cir. 2006) (dismissing *in forma pauperis* plaintiff's complaint without prejudice under Rule 4(m) where USMS unable to serve defendants using address provided); *see also Banks v. One or More Unknown Named Confidential Informants of Fed. Prison Camp Canaan*, No. 1:06-CV-1127, 2008 WL 2563355, at *1 n.1 (M.D. Pa. June 24, 2008) (dismissing *in forma pauperis* plaintiff's complaint without prejudice against unknown named defendants where plaintiff "failed to provide sufficient identifying information to permit service").

## IV.    CONCLUSION

For the foregoing reasons, the Court recommends that Plaintiff's Amended Complaint be DISMISSED WITHOUT PREJUDICE.

4

The parties may file objections to this Report and Recommendation within fourteen (14) days after being served with a copy of the Report and Recommendation. *See* FED. R. CIV. P. 72(a); *see also* FED. R. CIV. P. 6(d). Any responses to the objections shall be filed fourteen (14) days after the objections. Objections and responses are limited to five (5) pages each. The failure of a party to object may result in the loss of the right to review in the district court and the loss of certain appellate rights. *See Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987); *Equal Emp. Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99-100 (3d Cir. 2017).

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b)(1) and District of Delaware Local Rule 72.1. The parties are directed to the court's "Standing Order for Objections Filed Under Fed. R. Civ. P. 72," dated March 7, 2022, a copy of which is available on the court's website, https://www.ded.uscourts.gov.

Dated: April 20, 2026

_____
UNITED STATES MAGISTRATE JUDGE