IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JONATHAN W. BRYANT, Plaintiff, | ) | |
| v. | ) | C.A. No. 24-179-CFC-EGT |
| CD BABY.COM, Defendant. | ) | |

**ORDER AND REPORT AND RECOMMENDATION**

Plaintiff Jonathan W. Bryant ("Plaintiff"), an inmate at the James T. Vaughn Correctional Center ("JTVCC") in Smyrna, Delaware, filed this breach of contract action against Defendant CD Baby.com ("Defendant"). (D.I. 1, 28 & 65). Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 6). Having reviewed Plaintiff's various responses to the undersigned's order (D.I. 82), the Court recommends that the Second Amended Complaint be DISMISSED WITHOUT PREJUDICE. Plaintiff's service-related motions (D.I. 83, 84, 85 & 86) are DENIED. The Court further recommends that Plaintiff's remaining motions (D.I. 70, 71, 75 & 89) be DENIED as MOOT upon adoption of this Report and Recommendation.

## I. BACKGROUND

Plaintiff filed this case against Defendant on February 9, 2024. (D.I. 1).[1] Pursuant to 28 U.S.C. § 1915(e)(2)(b), Chief Judge Connolly screened and dismissed the original Complaint for lack of subject matter jurisdiction because the pleading failed to plausibly show any federal question or diversity jurisdiction. (D.I. 26 at 5-6). After Plaintiff filed his Amended Complaint

---

[1] The Court set forth a factual background of Plaintiff's dispute with Defendant in a recent opinion. (D.I. 60). Because the details of the dispute are not relevant to the present opinion, the Court will not revisit those facts herein.

alleging over one million dollars in controversy (D.I. 28), a service order issued on April 11, 2025. (D.I. 29). On the USM-285 Form, Plaintiff identified the following address for Defendant: 9600 NE Cascades Pkwy, Suite 180, Portland, Oregon 97220. (*See* D.I. 32 & 33).

Pursuant to Federal Rule of Civil Procedure 4(c)(3), the United States Marshals Service ("USMS") twice attempted to serve Defendant by mail using the address provided by Plaintiff, but a waiver of service was never returned. (D.I. 32 & 33). A supplemental service order issued on September 24, 2025 (D.I. 38), and USMS made three attempts to personally serve Defendant at the address Plaintiff provided, but USMS was never able to locate and serve Defendant at that address (D.I. 50). After Judge Connolly issued an Order to Show Cause as to "why the amended complaint (D.I. 28) should not be dismissed due to Plaintiff's lack of compliance with Rule 4(m) and this Court's Orders" (D.I. 52 at 3), Plaintiff responded that he believed the address he originally provided to the USMS is "accurate and correct" and provided no other means of effecting service upon Defendant (D.I. 57).

Based on the undersigned's first Report and Recommendation (D.I. 60), Judge Connolly dismissed the Amended Complaint without prejudice on May 5, 2026 for failure to timely serve Defendant. (D.I. 64). Plaintiff was given leave to file a Second Amended Complaint "[i]f Plaintiff obtains accurate and updated service information for Defendant." (*Id.*). On May 18, 2026, Plaintiff filed his Second Amended Complaint (D.I. 65) and provided the following "updated contact information" for Defendant: 13913 NE Airport Way, Portland, Oregon 97230 (*id.* at 4). A supplemental service order issued (D.I. 69), and the USMS again tried – and again failed – to personally serve Defendant at the updated address, noting that the "current tennant [sic] stated CDBaby has not been at location for over 2 years" (D.I. 80).

On July 31, 2026, the undersigned issued an oral order directing Plaintiff to provide accurate service information for Defendant by August 14, 2026, further warning that it was his last opportunity to provide a service address and that "[f]ailure to do so will result in dismissal of this case." (D.I. 82). In response, Plaintiff failed to identify a new address or otherwise provide a means of effecting service upon Defendant but instead filed (1) two motions for discovery into Defendant's contact information (D.I. 83 & 85), (2) a "Motion to Issue and Serve Summons Upon Defendant Based Upon Findings of Discovery" (D.I. 84) and (3) a motion to attempt service upon the original address (9600 NE Cascades Pkwy, Suite 180, Portland, Oregon 97220) (D.I. 86) and (4) a motion to revoke the Court's July 31, 2026 oral order (D.I. 89).[2]

## II. LEGAL STANDARD

"If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." FED. R. CIV. P. 4(m).[3] But if the plaintiff can show "good cause" for the failure to serve, then the court "must extend the time for service for an appropriate period." *Id.* "Even if a plaintiff fails to show good cause, the District Court must still consider whether any additional factors warrant a discretionary extension of time."

2 While the USMS attempted to effectuate personal service upon Defendant for a fourth time, Plaintiff also filed a (1) "Motion to Impose More Strict Guidelines to Timely Responses [sic] Between the Courts and the Correspondents" (D.I. 70); (2) "Motion to Exclude Submission of Evidence" (D.I. 71) and (3) a motion to appoint counsel (D.I. 75). In his motion to appoint counsel, Plaintiff theorizes that notifications he has received from the Court have not been "authentic" and were "fraudulent" for "obvious reasons" without further explanation. (D.I. 75).

3 For plaintiffs proceeding *in forma pauperis*, Rule 4(m)'s 90-day window begins after the court issues a service order. *See Rivera v. New Castle Cnty. Police Dep't*, 152 F.4th 147, 152 n.5 (3d Cir. 2025); *see also Urrutia v. Harrisburg Cnty. Police Dep't*, 91 F.3d 451, 453-54 (3d Cir. 1996).

*Himmelreich v. United States*, 285 F. App'x 5, 7 (3d Cir. 2008) (citing *Petrucelli v. Bohringer & Ratzinger, GMBH*, 46 F.3d 1298, 1307-08 (3d Cir.1995)). "Upon determining that process has not been properly served on a defendant, district courts possess broad discretion to either dismiss the plaintiff's complaint for failure to effect service or to simply quash service of process." *Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992). Dismissal is not appropriate, however, "when there exists a reasonable prospect that service may yet be obtained." *Id*.

## III. DISCUSSION

### A. Service-Related Motions (D.I. 83, 84, 85 & 86)

With respect to Plaintiff's two motions for discovery into Defendant's contact information (D.I. 83 & 85) and corresponding motion to serve a summons on Defendant based on that discovery (D.I. 84), "federal district judges have no obligation to act as counsel or paralegal to *pro se* litigants." *Pliler v. Ford*, 542 U.S. 225, 226 (2004). "While [Rule] 4(c)(3) requires that the court effect service of the summons and complaint for a plaintiff who is proceeding [*in forma pauperis*], the ***plaintiff must provide sufficient information for the court to do so***." *Maltezos v. Giannakouros*, 522 F. App'x 106, 108 (3d Cir. 2013) (emphasis added); *see also Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993) (noting that it is the *in forma pauperis* plaintiff's "responsibility to provide proper addresses for service" of defendants). And as to Plaintiff's motion to attempt service upon the original address (D.I. 86), the USMS has already attempted service upon Defendant at that address five times (D.I. 32, 33 & 50) and "is not required to attempt service into perpetuity at the same address," *Maltezos*, 522 F. App'x at 108. Accordingly, Plaintiff's service-related motions (D.I. 83, 84, 85 & 86) will be denied.

### B. Plaintiff's Failure to Timely Effect Service

Well over a year has passed since the original service order issued on April 11, 2025. (D.I. 29). Plaintiff's filing of an amended complaint against the same Defendant did not restart Rule 4(m)'s 90-day service period. *See Moore v. Walton*, 96 F.4th 616, 626 (3d Cir. 2024) ("It is blackletter law that '[f]iling an amended complaint does not toll the Rule 4(m) service period' for an original complaint." (quoting 4B WRIGHT & MILLER FEDERAL PRACTICE & PROCEDURE § 1137 (3d ed. 2023))). In response to the undersigned's July 2026 order (D.I. 82), Plaintiff made no attempt to identify a new address to serve Defendant and, in turn, failed to show good cause to further extend the deadline. (*See generally* D.I. 83, 84, 85, 86 & 89).

Considering the three service orders that have issued, USMS's six attempts to serve Defendant (four times personally and twice by mail) and Plaintiff's continued failure to provide another means of effecting service, there does not appear to be a "reasonable prospect that service may yet be obtained," *Umbenhauer*, 969 F.2d at 30, and no "additional factors" warrant extending the deadline here, *Himmelreich*, 285 F. App'x at 7. Dismissal is appropriate under these circumstances. *See Maltezos*, 522 F. App'x at 108-09; *Daniels v. Corr. Med. Servs., Inc.*, 380 F. Supp. 2d 379, 384 (D. Del. 2005), *aff'd*, 174 F. App'x 655 (3d Cir. 2006); *Banks v. One or More Unknown Named Confidential Informants of Fed. Prison Camp Canaan*, No. 1:06-CV-1127, 2008 WL 2563355, at *1 n.1 (M.D. Pa. June 24, 2008).

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's service-related motions (D.I. 83, 84, 85 & 86) are DENIED. The Court recommends that Plaintiff's Second Amended Complaint be DISMISSED WITHOUT PREJUDICE for failure to timely effect service. The Court further recommends that

all of Plaintiff's remaining motions (D.I. 70, 71, 75 & 89) be DENIED as MOOT upon adoption of this Report and Recommendation.

The parties may file objections to this Order and Report and Recommendation within fourteen (14) days after being served with a copy of the Order and Report and Recommendation. *See* FED. R. CIV. P. 72(a) & (b)(2); *see also* FED. R. CIV. P. 6(d). Any responses to the objections shall be filed fourteen (14) days after the objections. Objections and responses are limited to five (5) pages. The failure of a party to object may result in the loss of the right to review in the district court and the loss of certain appellate rights or the right to appellate review. *See Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987); *Equal Emp. Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99-100 (3d Cir. 2017); *United Steelworkers of America, AFL-CIO v. New Jersey Zinc Co.*, 828 F.2d 1001, 1006-08 (3d Cir. 1987); *Bello v. United Pan Am. Fin. Corp.*, 2025 WL 275109, at *3 n.5 (3d Cir. Jan. 23, 2025).

This Order and Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(A) & (B), Federal Rule of Civil Procedure 72(a) & (b) and District of Delaware Local Rule 72.1. Parties are directed to the court's "Standing Order for Objections Filed Under Fed. R. Civ. P. 72," dated March 7, 2022, a copy of which is available on the court's website, https://www.ded.uscourts.gov.

Dated: September 1, 2026

UNITED STATES MAGISTRATE JUDGE